## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF M ICHIGAN

AMBER TERRY,

        Plaintiff,                    Case No.  2:14-CV-14579
                                         Hon. Gershwin A. Drain

v

SYNCHRONY FINANCIAL
d/b/a Synchrony Bank f/k/a GE Capital Retail
Bank,

        Defendant.

| | |
|---|---|
| ADAM T. HILL | ALAN J. TAYLOR (P51660) |
| KROHN & MOSS, LTD. | SEGAL McCAMBRIDGE SINGER & |
| Attorneys for Plaintiff | MAHONEY |
| 10 N. Dearborn St., 3rd Floor | Attorney for Defendant |
| Chicago, IL  60602 | 39475 Thirteen Mile Road, Suite 203 |
| (312) 578-9428    (866) 802-0021  [Fax] | Novi, MI  48377 |
| | (248) 994-0060    (248) 994-0061 [Fax] |
| CHRISTOPHER C. HUNTER (P54851) | |
| BAUER & HUNTER, PLLC | |
| Attorneys for Plaintiff | |
| 25240 Lahser, Suite 2 | |
| Southfield, MI  48033 | |
| (248) 742-9111    (248) 742-9084  [Fax] | |

## SYNCHRONY FINANCIAL'S ANSWER TO THE
## COMPLAINT AND AFFIRMATIVE DEFENSES

       NOW COMES Defendant Synchrony Financial (hereinafter "Synchrony")

by and through its undersigned counsel, and hereby Answers the Complaint of

Plaintiff Amber Terry ("Plaintiff") and states as follows:

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

**ANSWER:  Synchrony admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Synchrony denies that it violated the TCPA or any other federal or Michigan law.**

## JURISDICTION and VENUE

2.    Subject matter Jurisdiction of this court arises under to 47 U.S.C. § 227 and 28 U.S.C. § 1331.

**ANSWER:  The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

3.    Defendant conducts business in the State of Michigan thereby establishing personal jurisdiction.

**ANSWER:  Synchrony denies that it conducts business in the State of Michigan. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

2

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) as the transactions
giving rise to this action occurred in this district as Plaintiff resides in
this district [sic] and Defendant transacts business in this district.

**ANSWER:  Synchrony denies that it has transacted business in this
District. Synchrony lacks knowledge or information sufficient to form a
belief as to whether Plaintiff resides in this District. The remaining
allegations of this paragraph constitute conclusions of law to which no
response is required. To the extent a response is required, Synchrony
denies the same.**

## PARTIES

5.      Plaintiff is a natural person at all times relevant residing in Detroit,
Wayne County, Michigan.

**ANSWER:   Synchrony admits that Plaintiff is a natural person.
Synchrony lacks knowledge or information sufficient to form a belief as
to the remaining allegations of paragraph 5. To the extent a response is
required, Synchrony denies the same.**

6.      Defendant is a business entity incorporated in Delaware with an office
located at 777 Long Ridge Rd., Stamford, CT, 06902.

**ANSWER:  Synchrony admits the allegations of paragraph 6.**

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER:  The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same**.

## FACTUAL ALLEGATIONS

8.      In 2014, before the filing of this action, Defendant began placing telephone calls to (313) 658-47xx, Plaintiff's cellular telephone number.

**ANSWER:  Synchrony denies the allegations of Paragraph 8.**

9.      These calls were placed regarding an Amazon credit card.

**ANSWER:  Synchrony denies the allegations of paragraph 9.**

10.     These calls were for non-emergency purposes.

**ANSWER:   Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10 and on that basis denies the same.**

11.     Defendant used telephone number (866) 771-1104 to place these calls.

**ANSWER: Synchrony denies the allegations of paragraph 11.**

4

12.     Upon information and belief based on the frequency, number, and nature of the calls, Defendant used an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer") to call Plaintiff.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 12.**

13.     On September 3, 2014, Plaintiff instructed Defendant to stop calling her.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 13.**

14.     Plaintiff revoked any permission, actual or implied, to call use an auto dialer to use an auto dialer [sic] to call her cell phone.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 14.**

15.     Defendant continued to use an auto dialer to call Plaintiff's cell phone September 3, 2014.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 15.**

16.     Defendant knowingly, voluntarily and willfully used an auto dialer to call Plaintiff's cell phone.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 16.**

17.     Defendant intended to use an auto dialer to call Plaintiff's cell phone.

**<u>ANSWER</u>:  Synchrony denies the allegations of paragraph 17.**

18.   Defendant did not have Plaintiff's express consent to use an auto

dialer to call her cell phone after September 3, 2014.

**ANSWER:   Synchrony denies that it used an automatic telephone**

**dialing system to contact Plaintiff. Synchrony further denies that**

**Plaintiff ever revoked consent to receive calls from Synchrony.**

19.   Between September 14 and September 28, 2014, Defendant has used

and [sic] auto dialer to call Plaintiff's cell phone at least sixty-one (61)

times.

**ANSWER:  Synchrony denies the allegations of paragraph 19.**

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

20.   Defendant's actions alleged supra constitute numerous negligent

violations of the TCPA, entitling Plaintiff to an award of $500.00 in

statutory damages for each and every violation pursuant to 47 U.S.C.

§ 227(b)(3)(B).

**ANSWER:  Synchrony denies the allegations of paragraph 20.**

21.   Defendant's actions alleged supra constitute numerous and multiple

knowing and/or willful violates of the TCPA, entitling Plaintiff to an

award of $1500.00 in statutory damages for each and every violation

pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:  Synchrony denies the allegations of paragraph 21.**

WHEREFORE, Plaintiff, AMBER TERRY, respectfully requests judgment

be entered against Defendant, SYNCHRONY FINANCIAL d/b/a Synchrony Bank

f/k/a GE Capital Retail Bank, for the following:

22.   Statutory damages of $500.00 for each and every negligent violation
      of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

23.   Statutory damages of $1500.00 for each and every knowing and/or
      willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47
      U.S.C. § (b)(3)(C);

24.   All court costs, witness fees and other fees incurred;

25.   Any other relief that this Honorable Court deems appropriate.

**ANSWER:   In answer to Paragraphs 22-25, Synchrony denies that it
violated the TCPA or any other federal or Michigan law. Synchrony
further denies that Plaintiff is entitled to any relief whatsoever.**

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff fails to state a claim against Synchrony upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate her alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff, by reason of her own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived whatever rights she may have had to assert

the claims alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff's claims are barred by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Justification)

Each and every act of Synchrony complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

**EIGHTH AFFIRMATIVE DEFENSE**

(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by Synchrony.

## NINTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.   Synchrony acted in a reasonable manner in connection with the transaction at issue in this action.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

Synchrony at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Malice)

Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

Plaintiff's claims are barred because Plaintiff lacks standing to bring them.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Consent)

Plaintiff's claims are barred because Plaintiff consented to any alleged conduct in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Prior Express Consent)

Although Synchrony denies any liability or wrongdoing alleged in the Complaint, Plaintiff's TCPA claims would also be barred because Plaintiff gave prior express consent to Synchrony to make the telephone calls at issue, and did not adequately revoke her prior express consent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

2:14-cv-14579-GAD-EAS   Doc # 5   Filed 02/09/15   Pg 12 of 14   Pg ID 21

(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## OTHER DEFENSES

Synchrony has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses are available.  Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE,** Synchrony respectfully requests that Count I of Plaintiff's Complaint  be dismissed  with prejudice and that the Court award Synchrony the costs of defending this suit, including but not limited to, attorneys' fees and all other relief this Court may deem just and equitable.

SEGAL  McCAMBRIDGE  SINGER  &  MAHONEY

BY:   /s/ Alan J. Taylor
ALAN J. TAYLOR (P51660)
Attorney for Defendant Synchrony Financial
39475 Thirteen Mile Road, Suite 203
Novi, MI 48377
(248) 994-0060

Dated:  February 9, 2015          ataylor@smsm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AMBER TERRY,

       Plaintiff,                       Case No.  2:14-CV-14579
                                        Hon. Gershwin A. Drain

v

SYNCHRONY FINANCIAL
d/b/a Synchrony Bank f/k/a GE Capital Retail
Bank,

       Defendant.

| | |
|---|---|
| ADAM T. HILL | ALAN J. TAYLOR (P51660) |
| KROHN & MOSS, LTD. | SEGAL McCAMBRIDGE SINGER & |
| Attorneys for Plaintiff | MAHONEY |
| 10 N. Dearborn St., 3rd Floor | Attorney for Defendant |
| Chicago, IL  60602 | 39475 Thirteen Mile Road, Suite 203 |
| (312) 578-9428   (866) 802-0021  [Fax] | Novi, MI  48377 |
| | (248) 994-0060   (248) 994-0061 [Fax] |
| CHRISTOPHER C. HUNTER (P54851) | |
| BAUER & HUNTER, PLLC | |
| Attorneys for Plaintiff | |
| 25240 Lahser, Suite 2 | |
| Southfield, MI  48033 | |
| (248) 742-9111   (248) 742-9084  [Fax] | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 9, 2015, a copy of Defendant

Synchrony Financial's Answer to the Complaint and Affirmative Defenses was

served upon the attorneys of record of all parties to the above cause by electronic

filing with the Clerk of the Court using the ECF System which will send

notification of such filing to the foregoing.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

SEGAL  McCAMBRIDGE  SINGER  &  MAHONEY

BY:   /s/ Alan J. Taylor
ALAN J. TAYLOR (P51660)
Attorney for Defendant Synchrony Financial
39475 Thirteen Mile Road, Suite 203
Novi, MI 48377
(248) 994-0060
ataylor@smsm.com

Dated:  February 9, 2015